IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN ALLY, | : | 1:18-cv-00725 |
| | : | |
| Plaintiff, | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| KAREN FELICA DEUTEAVICH | : | |
| MYERS, *et al.*, | : | |
| | : | Hon. Karoline Mehalchick |
| | : | |
| Defendants. | : | |

## **ORDER**

## **July 24, 2019**

**AND NOW**, upon consideration of the Report and Recommendation (Doc. 41) of United States Magistrate Judge Karoline Mehalchick recommending that the complaint (Doc. 1) in this matter be dismissed[1], and noting that neither party has

---

[1]The claims set forth within Plaintiff's complaint pertaining to his arrest, bail, and state criminal case must be dismissed for a variety of reasons. First, Plaintiff's claims that involve his state criminal case are barred by the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Second, Plaintiff's § 1983 claims against Karen Myers and Attorney Hollinger must fail because Plaintiff failed to allege either defendant acted under the color of state law. *See Simonson v. Hemlock Farms Cmty. Ass'n.*, No. 3:06cv2084, 2007 WL 136753, at *2 (M.D. Pa. January 16, 2007); *see Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Additionally, any claims against Alden Myers fail because Plaintiff did not include any allegations against Mr. Myers in the body of the complaint. *See Robinson v. Wheary*, No. 1:16-CV-02222, 2017 WL 2152365, at *1-2 (M.D. Pa. May 17, 2017). Third, the Judicial Defendants, acting in performance of their duties, have absolute immunity from suit, and as a result of the allegations being centered on judicial acts, they are immunized from Plaintiff's claims. *See Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Fourth, Plaintiff failed to provide service to Shane Kope within the requisite 90 days, and, as such, the claims against Mr. Kope must fail. *See* Fed. R. Civ. P. 4(m). Fifth, Plaintiff's third-party claims for rape, murder, and sex trafficking fail because he lacks standing to assert a cause of action for the prosecution or nonprosecution of a third party. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Gessner v. Dept. of Corr.*, No. 3:14-CV-111, 2014 WL 972290, at *6 (M.D. Pa. March 12, 2014). Finally, since all

filed objections[2] to the report and that there is no clear error on the record, *see Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of de novo review at the district court level") and the court finding Judge Mehalchick's analysis to be thorough, well-reasoned, and fully supported by the record **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 41) of Magistrate Judge Mehalchick is **ADOPTED** in its entirety.

2. Judicial Defendants Motion to Dismiss (Doc. 19) is **GRANTED**.

3. Attorney Hollinger's Motion to Dismiss (Doc. 24) is **GRANTED**.

---

of Plaintiff's federal claims will be dismissed, we shall decline to exercise jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

[2] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The Court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

4. Alden Myers' Motion to Dismiss (Doc. 33) is **GRANTED**.

5. Karen Myers' Motion to Dismiss (Doc. 35) is **GRANTED**.

6. Detective Hottenstein's Motion to Dismiss (Doc. 38) is **GRANTED**.

7. The state law claims pursuant to 28 U.S.C. § 1367(c)(3) within Plaintiff's complaint (Doc. 1) are **DISMISSED WITHOUT PREJUDICE**.

8. The Clerk of the Court is directed to **CLOSE** the file on this case.

s/ John E. Jones III
John E. Jones III
United States District Judge