UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN ALLY | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:18-725 |
| v. | : | (JUDGE MANNION) |
| KAREN FELICA DUTEAVICH MYERS, et al. | : | |
| | : | |
| Defendants. | | |

## ORDER

On July 24, 2019, the court issued an Order, (Doc. 44), adopting the Report and Recommendation of Judge Mehalchick as the decision of the court, (Doc. 41). Plaintiff filed a letter with the court on May 12, 2022 that will be construed as a motion for reconsideration, (Doc. 46).

First, the Third Circuit has applied the time limitations of Rule 59(e) and 60(b) to a motion for reconsideration. United States v. Fiorelli, 337 F.3d 282 (3d Cir. 2003). As plaintiff is requesting to alter or amend a judgment, Federal Rule of Civil Procedure 59(e) applies.[1] Under Rule 59(e), "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." As plaintiff's motion comes almost three years after the order

---

[1] Even if the court construed the letter as a Rule 60(b) motion, Plaintiff's motion would still be untimely because a Rule 60(b) motion must be made no more than one year after the entry of judgment. Fed. R. Civ. P. 60(b).

adopting the Report and Recommendation of Judge Mehalchick, (Doc. 44), the motion is untimely.

Even if the motion was timely, plaintiff does not allege any grounds to grant the motion. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); Chesapeake Appalachia, LLC v. Scott Petroleum, LLC, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (Generally, reconsideration motions should be granted sparingly). "The standard for granting a motion for reconsideration is a stringent one … [A] mere disagreement with the court does not translate into a clear error of law." Chesapeake Appalachia, LLC, 73 F.Supp. 3d at 491 (quoting Mpala v. Smith,

2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007), aff'd, 241 Fed.Appx. 3 (3d Cir. 2007)) (alteration in original).

The burden for reconsideration is on the moving party and Ally clearly does not demonstrate that any of the three grounds exist in his case, which are required for the court to grant reconsideration. Further, since Judge Mehalchick's Report and Recommendation as well as this court's Order, which are the subject of Ally's instant motion, gave thorough explanations, the court will not repeat this discussion. Also, simply because Ally is unhappy with the results of the court's Order, "is an insufficient basis to grant [him] relief." Kropa v. Cabot Oil & Gas Corp., 716 F.Supp.2d 375, 378 (M.D. Pa. 2010) (citation omitted).

Thus, plaintiff's motion for the court to reconsider, (Doc. 44), is **DENIED**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 6, 2023**
18-725-01